MUNRO, LIMITED, *v.* LYMAN H. BIGELOW, SHER-
WOOD M. LOWREY, JAMES P. WINNE, JAMES
L. FRIEL AND ROY R. BANKS, BOARD OF
HARBOR COMMISSIONERS OF THE TERRI-
TORY OF HAWAII.

No. 1945.

ARGUED APRIL 17, 1930.                    DECIDED APRIL 22, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit in equity for an injunction to restrain
the board of harbor commissioners of this Territory from
charging tolls upon freight passing over territorial
wharves. *Inter alia,* one of the issues arising upon the
petition and the answer is whether the board has legal
authority to impose and to collect any tolls whatever.
The circuit judge took the view that it has and entered
an order to that effect. From that order the case comes
to this court by interlocutory appeal.

The question is purely one of statutory construction.
Without reciting the earlier history of the statutes in
this jurisdiction, it is sufficient to say that by section 2,
Act 169, L. 1915, section 685, R. L. 1915, was amended so
as to read as follows: "Powers and duties of board. Ex-

cept as otherwise provided by law, said board shall have and exercise all the powers and shall perform all the duties which may lawfully be exercised by or under the Territory of Hawaii relative to the control and management of the shores, shore waters, navigable streams, harbors, harbor and waterfront improvements, ports, docks, wharves, quays, bulkheads and landings belonging to or controlled by the Territory, and the shipping using the same, and shall have the authority to use and permit and regulate the use of the wharves, piers, bulkheads, quays and landings belonging to or controlled by the Territory for receiving or discharging passengers and for loading and landing merchandise, with a right to collect wharfage and demurrage thereon or therefor, and, subject to all applicable provisions of law, to fix and regulate from time to time rates for services rendered in mooring vessels, charges for the use of moorings belonging to or controlled by the Territory, rates or charges for the services of pilots, wharfage or demurrage, rents or charges for warehouses or warehouse space, for office or office space, for storage of freight, goods, wares and merchandise, for storage space, for the use of donkey engines, derricks or other equipment belonging to the Territory, under the control of the board, and to make other charges except toll or tonnage charges on freight passing over or across wharves, docks, quays, bulkheads or landings. The board shall likewise have power to appoint and remove clerks, wharfingers and their assistants, pilots and pilot boat crews and all such other employees as may be necessary, and to fix their compensation; to make rules and regulations pursuant to this chapter and not inconsistent with law; and generally shall have all powers necessary fully to carry out the provisions of this chapter." By Act of March 28, 1916 (39 U. S. Stat. L., Pt. 1, Ch. 54, pp. 39, 40), Congress ratified section 2, Act 169, L. 1915, in its precise language

as it was passed by the legislature of Hawaii. This section 2, Act 169, L. 1915, as ratified by Congress, later became section 834, R. L. 1925. At the session of 1919 the legislature passed a concurrent resolution asking Congress to so amend its Act of March 28, 1916, as to authorize the legislature to amend or repeal section 685, R. L. 1915, as amended by the Act of Congress of March 28, 1916, in so far as the latter related to the powers of the board of harbor commissioners. In 1919 Congress failed to act on this resolution; but in 1921, as a part of what is known as the Hawaiian Homes Commission Act (42 U. S. Stat. L., Ch. 42, pp. 108, 121), Congress added section 106 to the Organic Act of Hawaii,—that section 106 being in precisely the same language as section 834, R. L. 1925, with the sole exception that in the phrase, "and to make other charges except toll or tonnage charges," the word "except" was changed to "including." Subsequent to the passage of the Hawaiian Homes Commission Act there has been no legislation on the subject under consideration, either in Congress or by our legislature.

It is beyond dispute that immediately upon the ratification by Congress in 1916 of section 2, Act 169, L. 1915, that section (now section 834, R. L. 1925) was in force and effect and was the only statute in effect on the subject of the power of the board of harbor commissioners to impose toll or tonnage charges. At that time it had not the power to impose such charges. The only later legislation is to be found in section 106 of the Organic Act. In our opinion the two are entirely inconsistent with reference to the powers of the board to impose tolls and tonnage charges. Under the first the board had no such power. Under the second it was given the power. Under title four of the Hawaiian Homes Commission Act (42 U. S. Stat. L., Ch. 42, Sec. 401, p. 121) Congress provided that "all Acts or parts of Acts, either of the Con-

gress of the United States or of the Territory of Hawaii, to the extent that they are inconsistent with the provisions of this Act, are hereby repealed." This is an express repeal of the exception named in section 834, R. L. 1925, and above quoted. There is no room for the consideration of the law of implied repeals.

On behalf of the complainant it is argued that the expression "subject to all applicable provisions of law" in section 106 of the Organic Act shows that it was the intention of Congress by section 106 to authorize the legislature to in turn grant authority to the board of harbor commissioners to impose tolls and tonnage taxes and to withdraw or modify that authority and that until the legislature of Hawaii should act (it has not yet so acted) the authority does not exist in the board. This argument cannot be sustained. If the purpose of Congress had been to simply grant to the legislature power to legislate on the subject, that purpose could have been easily expressed in simple and direct language and the power would not have been conferred by indirection. The same expression, "subject to all applicable provisions of law," was found in section 2, Act 169, L. 1915, as ratified by Congress in 1916. Obviously it was not intended by Congress, in ratifying in 1916 section 2 of Act 169, L. 1915, to authorize the legislature to grant to the board the power which was by that Act expressly denied to the board. To adopt and apply the petitioner's contention to existing circumstances would be to say in effect that "subject to the existing provision of law that the board has not the power to impose tolls or tonnage charges, Congress hereby declares that that board has the power to impose tolls and tonnage charges." Congress failed to make the provision asked for by the legislature, giving the latter the power to amend section 685, R. L. 1915, and in lieu thereof directly amended the earlier section by expressly giving the board

the power to impose tolls and tonnage charges.

The expression "subject to all applicable provisions of law" may well have reference to provisions of the local legislature providing regulations in aid of the execution of the powers of the board.

Whether under other provisions of the Organic Act the legislature has authority to hereafter restrict the powers of the board granted by section 106 is a question which does not arise upon the present appeal. The legislature has not attempted to restrict the board's powers.

The order appealed from is affirmed.

*M. K. Ashford (Thompson, Beebe & Winn* on the briefs) for petitioner.

*C. E. Cassidy,* special deputy attorney general (*H. R. Hewitt,* attorney general, with him on the brief), for respondents.

